

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00170-CR

———————————————

AMANDA MARIE RUTH WILLIAMS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1845136

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Amanda Marie Ruth Williams attempts to appeal her conviction,[1] but she waived her right to appeal by entering into a plea bargain with the State.

"The right to appeal in a criminal case is a statutory right," but in a plea bargain case, that right is extremely limited. *Dorsey v. State*, 662 S.W.3d 451, 452 (Tex. Crim. App. 2021, order). A plea-bargaining defendant may appeal only "(A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." Tex. R. App. P. 25.2(a)(2); *see* Tex. Code Crim. Proc. Ann. art. 44.02. The trial court must file a certification clarifying the defendant's right of appeal, and unless "a certification that shows the defendant has the right of appeal has . . . been made part of the record," we "must" dismiss the appeal. Tex. R. App. P. 25.2(a)(2), (d).

Williams pleaded guilty to burglary of a habitation with the intent to commit a felony in exchange for the State's waiving a second count and recommending a forty-year sentence. The trial court sentenced Williams in accordance with the plea recommendation. The trial court also signed a certification of Williams's right to appeal in which it certified that this "is a plea-bargain case, and the defendant has NO right of appeal." Nonetheless, Williams filed a notice of appeal.

---

[1]Williams was pro se when she filed her notice of appeal.

Concerned that we lack jurisdiction over the appeal, we sent a letter to Williams informing her of the statements in the certification and explaining that unless she filed a response showing grounds for continuing the appeal, the appeal could be dismissed. *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3.

Williams's appointed counsel responded[2] to our letter and explained that Williams had accepted a plea bargain and that she has no right to appeal. Her counsel further confirmed that no matters were raised by written motion and ruled on before trial, that the trial court did not grant Williams permission to appeal, that no statute expressly authorizes this appeal, and that dismissal of the appeal appears appropriate. *See* Tex. R. App. P. 25.2(a)(2); Tex. Code Crim. Proc. Ann. art. 44.02.

Accordingly, Williams's appeal "must be dismissed" for want of jurisdiction. Tex. R. App. P. 25.2(d), 43.2(f); *Steinetz v. State*, No. 02-23-00058-CR, 2023 WL 3643678, at *1 (Tex. App.—Fort Worth May 25, 2023, no pet.) (mem. op., not designated for publication) (dismissing for want of jurisdiction when defendant attempted to appeal plea bargains).

---

[2]The trial court appointed appellate counsel to represent Williams and respond to our letter.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 3, 2025